IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:16-CR-00089-GHD-JMV

CHRISTOPHER TERRELL LOWE  DEFENDANT

ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

Presently before the Court is the Defendant's unopposed motion to terminate supervised release [Doc. No. 44]. Upon due consideration, the Court shall grant the motion.

On August 21, 2017, the Court sentenced the Defendant to 57 months imprisonment followed by three years of supervised release, for possession with intent to distribute methamphetamine. [Doc. No. 43.] The Defendant successfully completed his term of imprisonment in April 2020 and is presently under supervised release. The Defendant has successfully complied with all terms of supervised release over the past two years and has not been the subject of any disciplinary action by the United States Probation Service. Accordingly, the Defendant requests that this Court terminate his supervised release and remove him from further supervision. The Government and the United States Probation Service have informed the Court they have no objection to this motion [46].

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). A defendant may file a motion for early termination of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). *See Pepper v. United States*, 562 U.S. 476, 502, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). A court may "terminate a term of supervised release and discharge the defendant released at any time

after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of the factors in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e)(1). "The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Lowe maintains that he has fulfilled all the conditions of his probation and supervised release; in particular, he states that he is gainfully employed, has a stable home environment, and has earned a carpentry certificate and a G.E.D. since his sentencing in this case. Both the Assistant United States Attorney and United States Probation Officer assigned to the Defendant have concurred that the Defendant has complied with all terms of supervised release, has done well since his release from prison, and state that they have had no issues with him or his conduct during his two years of supervised release, and that they thus have no opposition to the early termination of the Defendant's supervised release [46]. Based on all of the foregoing, the Court finds that the Defendant's motion is well taken.

THEREFORE, it is hereby ORDERED that the Defendant Christopher Terrell Lowe's motion to terminate supervised release [Doc. No. 44] is GRANTED; the Defendant's supervised release is hereby terminated.

It is SO ORDERED, this, the 25 of April, 2022.

                                                                  SENIOR U.S. DISTRICT JUDGE